UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

TONY WILCOX,                    )
                                )
        Petitioner,              )
                                )
v.                              )   Nos.: 4:11-CR-025-HSM-CHS-4
                                )          4:17-CV-061-HSM
UNITED STATES OF AMERICA,        )
                                )
        Respondent.              )

**MEMORANDUM & OPINION**

This is a pro se prisoner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 316[1]]. Respondent has filed a response in opposition thereto [Doc. 321]. For the reasons set forth below, the Court finds that Petitioner's § 2255 motion [Doc. 316] is time-barred and it will be **DENIED**.

**I.    BACKGROUND**

Petitioner pleaded guilty to "conspiracy to manufacture and distribute five grams or more of methamphetamine (actual) and fifty grams or more of a mixture and substance containing methamphetamine, a Schedule II substance," in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C) [Doc. 242 p. 1]. Accordingly, on February 26, 2013, the Court sentenced Petitioner to one hundred and thirty months' imprisonment [Doc. 249 p. 2].

On March 8, 2013, Petitioner filed an appeal of the judgment against him [Doc. 250], but on April 2, 2014, the United States Court of Appeals for the Sixth Circuit granted the government's motion to dismiss the appeal due to the appeal waiver in Petitioner's plea agreement [Doc. 265].

---

[1] All citations to the record are to the criminal case.

On October 16, 2017, the Court received and docketed Petitioner's § 2255 motion in which he requests that the Court correct and/or remove an illegal state court criminal complaint against him that prohibits him from attending release programs with the Federal Bureau of Prisons [Doc. 316 p. 1–3].[2] Petitioner's § 2255 motion is not dated [Doc. 316 p. 4]. As the envelope has a date stamp of October 12, 2017 [*Id.* at 5], however, the Court assumes that this is the approximate date of filing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that a § 2255 motion is deemed filed on the date it is delivered to prison authorities for mailing) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). In the petition, Petitioner sets forth no arguments or grounds for equitable tolling, nor does he assert any claim for actual innocence [*Id.*].

## II. ANALYSIS

Title 28 United States Code § 2255(f) provides, in pertinent part:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Petitioner's § 2255 motion is not dated [Doc. 316 p. 4]. As the envelope has a date stamp of October 12, 2017 [*Id.* at 5], however, the Court assumes that this is the approximate date of filing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that a § 2255 motion is deemed filed on the date it is delivered to prison authorities for mailing) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).

By the terms of the statute, the one-year limitations period begins to run when the conviction becomes final, 28 U.S.C. § 2255(f)(1), unless other grounds are raised. As Petitioner did not file a petition for writ of certiorari with the United States Supreme Court after the Sixth Circuit dismissed his appeal, his convictions became final when he failed to do so within ninety days of the Sixth Circuit's decision. *Clay v. United States*, 537 U.S. 522, 525 (2003). Thus, Petitioner's convictions became final on July 1, 2014, and Petitioner would have had to have filed his § 2255 petition within one year of that date in order for the petition to be timely. As set forth above, however, Petitioner did not file his § 2255 motion until on or about October 12, 2017. Moreover, Petitioner sets forth no grounds for equitable tolling and does not assert any claim for actual innocence. Accordingly, the § 2255 is time-barred.

### III. CONCLUSION

For the reasons set forth above, Petitioner is not entitled to relief under § 2255 and his § 2255 motion [Doc. 316] will be **DENIED**. Thus**,** under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability ("COA") should be granted. A COA should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Court dismissed Petitioner's claims on procedural grounds without reaching the merits thereof and jurists of reason would not find it debatable that the Court is correct in finding that the § 2255 petition is untimely, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ISSUE.**

**E N T E R :**

        */s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE